FILED

2010 Jan-27  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE WILSON LEWIS, | ] | |
| | ] | |
| Movant, | ] | |
| | ] | |
| vs. | ] | CIVIL NO. 10-JHH-RRA-8002-S |
| | ] | CRIMINAL NO. 05-JHH-RRA-0156-S |
| | ] | |
| THE UNITED STATES OF AMERICA, | ] | |
| | ] | |
| Respondent. | ] | |

## MEMORANDUM OPINION

The movant, George Wilson Lewis, was convicted in this court on May 24, 2005, on his plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced on September 14, 2005, to a term of imprisonment for 55 months. The sentence was to be followed by a 36-month term of supervised release. The indictment in this case was filed on March 30, 2005. His initial appearance in this court and each successive appearance was obtained by a Writ of Habeas Corpus ad Prosequendam issued to the Jefferson County, Alabama Jail, Bessemer, where he was being detained by Jefferson County. Attached hereto is a copy of the judgment (doc. #15) in this case entered on September 16, 2005. The court did not impose the sentence in this case to run concurrently or receive credit for any time served in the state. The Eleventh Circuit Court of Appeals affirmed Lewis' conviction and sentence on July 27, 2006.

On October 27, 2008, Lewis filed an "Emergency Petition," in which he requested that the court "issue an Amended Judgement [sic] specifically stating that the defendant is to receive credit

for all time served in custody from September 14, 2005 through June 28, 2007, a total of 651 days."
He stated that this would "correct any misunderstanding and misinterpretation on my sentence
computation by the BOP." *Id.* The petition was denied on October 30, 2008.

Lewis filed the current motion on January 22, 2010. The motion has been docketed as a
motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. However, the
movant has labeled his motion as a "Motion to Vacate and or to correct and or to Modify a
Sentenced [sic] imposed upon this Defendant Pursuant to that of The Federal Rules of Court
Pursuant to that of the Federal Rule 3582(c)(2) of the Criminal Code of Procedure Laws and Civil
Practices and or to the reduction of a Sentenced [sic] Pursuant to Rule 3621(e) of the Criminal Code
of Procedure Laws Civil Practices." Motion to Vacate, p. 1. In the body of his motion, Lewis states
that his motion is brought pursuant to 28 U.S.C. § 2241. It appears that Lewis is seeking to obtain
credit towards the service of his federal sentence, for the time he served in state custody prior to
being released into federal custody.

To the extent that this motion is being brought pursuant to 28 U.S.C. § 2255, it is due to be
dismissed because it is barred by the statute of limitations. Effective April 24, 1996, the
Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law
relating to habeas corpus procedure. The AEDPA amended 28 U.S.C. § 2255 to read in part, as
follows:

> (f) A 1-year period of limitation shall apply to a motion under this section.
> The limitation period shall run from the latest of —
>
> > (1) the date on which the judgment of conviction becomes
> > final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Lewis' conviction became final on October 25, 2006, the date on which the ninety-day period for filing a petition for certiorari to the United States Supreme Court expired. *See Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002). The limitations period expired one year later, on October 25, 2007. Lewis did not file the current motion until January 22, 2010, over two years after the expiration of the limitations period. Therefore, to the extent the motion is brought pursuant to § 2255, it is barred by the statute of limitations.

Lewis also indicates that the motion is being brought pursuant to 18 U.S.C. § 3582(c)(2). Title 18 U.S.C. § 3582(c)(2) reads as follows:

(c) Modification of an imposed term of imprisonment. – The court may not modify a term of imprisonment once it has been imposed except that –
. . .
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Lewis makes no argument that could be reasonably construed as an argument that he is eligible for modification of his sentence under § 3582(c)(2). Therefore, to the extent that the petition is brought pursuant to § 3582(c)(2), the petition is due to be denied.

Lewis has further indicated that his motion is brought pursuant to 18 U.S.C. § 3621(b). Title 18 U.S.C. § 3621(b) provides that "the Bureau [of Prisons] shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Under this section, eligible inmates who successfully complete the Residential Drug Abuse Program can, in some cases, qualify for a sentence reduction. Lewis makes no argument that he is eligible for the Residential Drug Abuse Program, that he has participated in or completed the program, or that he qualifies for credit toward his sentence as a result of completion of the program. Moreover, a petition seeking a sentence reduction based upon § 3621(b) must be filed pursuant to 28 U.S.C. § 2241.

Finally, to the extent that Lewis intends to bring his motion pursuant to § 2241, it is due to be dismissed. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), *quoting* 28 U.S.C. § 2242. Since the petitioner is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, the proper respondent in a petition filed pursuant to § 2241 would be the warden of that facility, Mary Mitchell. However,

> District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). We have interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden* [v. *30th Judicial Circuit Court of Kentucky*], 410 U.S., at 495, 93 S. Ct. 1123 [(1973)].

*Padilla*, 542 U.S. at 442.  As the Warden of the Federal Correctional Institution in Edgefield, South Carolina, is not within the Northern District of Alabama, this action, to the extent it is filed pursuant to § 2241, is due to be denied.

Accordingly, Lewis' motion, filed in this court on January 22, 2010, is due to be DENIED. An appropriate order will be entered.

**DONE** this the _____27th_____ day of January, 2010.


_____
SENIOR UNITED STATES DISTRICT JUDGE

2005 Sep-16  AM 08:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                                 Case Number CR 05-H-156-S

GEORGE WILSON LEWIS
      Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offense(s) Committed On or After November 1, 1987)

The defendant, GEORGE WILSON LEWIS, was represented by Rita M. Briles.

The defendant pleaded guilty to count 1.  Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 18 USC 922(g)(1) | Felon in Possession of a Firearm | 1 |

As pronounced on September 14, 2005, the defendant is sentenced as provided in pages 2 through 9 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 14th day of September, 2005.

_James H. Hancock_
_____
SENIOR UNITED STATES DISTRICT JUDGE

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 9

Defendant:  GEORGE WILSON LEWIS
Case Number:  CR 05-H-156-S

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FIFTY-FIVE (55) MONTHS under count 1.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 9

Defendant:  GEORGE WILSON LEWIS
Case Number:  CR 05-H-156-S

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THIRTY-SIX (36) MONTHS.  The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction the defendant must report in person to the probation office in that jurisdiction if he or she is instructed to do so by the probation officer.) (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 9

Defendant:  GEORGE WILSON LEWIS
Case Number:  CR 05-H-156-S

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

17)  The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, under the administrative supervision of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment unless the probation officer determines that the defendant does not have the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so).

18)  The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

19)  The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

20)  If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 6/05)(N.D. Ala. - Rev.) Sheet 3 (con't) - Supervised Release

Judgment--Page 5 of 9

Defendant:  GEORGE WILSON LEWIS
Case Number:  CR 05-H-156-S

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)    Due to the defendant's history of substance abuse, the defendant shall participate, under the administrative supervision of the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision).  (See the Standard Conditions for a brief description of possible terms of such participation.)